FILED by _____ D.C.

ELECTRONIC

**Jun 8 2004**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 04-60467-CIV-DIMITROULEAS

BATTERY WEB, INC., )
a Florida corporation )
                          )
     Plaintiff, )
                          )
                          )
            v. )
                          )
BATTERIES.COM, INC., )
an Indiana corporation )
                          )
     Defendant. )
_____ )

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

## I. ANSWER

Defendant Batteries.com, Inc., predecessor in interest to Technuity, Inc., predecessor in interest to Batteries.Com, LLC ("Defendant") answers the Complaint for Declaratory Judgment ("Complaint") filed by plaintiff Battery Web, Inc. ("Plaintiff") as follows:

### ADMISSIONS AND DENIALS

### <u>JURISDICTION AND VENUE</u>

1. Defendant admits that this Court has subject matter jurisdiction over this action under 15 U.S.C. §1121, and 28 U.S.C. §1331(a), §1338(b) and §1367. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

8/ss

2.  Defendant admits that venue is proper under 28 U.S.C. §1391(b) and that the Court has personal jurisdiction over the parties and otherwise denies the remaining allegations set forth in paragraph 2 of the Complaint.

## THE PARTIES

3.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore, denies the same.

4.  Defendant admits that Batteries.com, Inc. is incorporated in the State of Indiana. Defendant states that Batteries.com, Inc. changed its name to Technuity, Inc. on January 7, 2003.  Further, Defendant states that on June 3, 2004, Technuity, Inc. assigned its interest in its various marks to Batteries.Com, LLC, an Indiana limited liability company. Defendant further states that its principal place of business is 6024 West 79th Street, Indianapolis, Indiana 46278.  Defendant admits that it has marketed and sold batteries in this District under the mark "Batteries.com" and the domain name "Batteries.com." Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore, denies the same.

6.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore, denies the same.

- 2 -

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore, denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore, denies the same.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that it has stated in writing that Plaintiff's use of the domain name "Bateries.com" is likely to cause confusion or to deceive the public and constitutes unfair competition. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11a. Defendant admits that it has demanded that Plaintiff cease all use of the domain name "Bateries.com" and any domain name that uses "batteries.com" or any misspellings of that mark, and that Plaintiff transfer the domain name "Bateries.com" to Defendant. Defendant denies the remaining allegations contained in paragraph 11a of the Complaint.

11b. Defendant denies the allegations contained in paragraph 11b of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies that its Supplemental Registration, No. 2,427,670 is a generic term that is not a trademark. The remaining allegations contained in paragraph 14 of the Complaint state a legal conclusion to which no response is required.

- 3 -

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore, denies the same.

## COUNT I

## FEDERAL TRADEMARK NON-INFRINGEMENT

### 15 U.S.C. § 1114(1)

16. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 15 above.

17.  Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

18a. Defendant denies the allegations contained in paragraph 18a of the Complaint.

18b. Defendant denies the allegations contained in paragraph 18b of the Complaint.

## COUNT II

## FEDERAL UNFAIR COMPETITION

### 15 U.S.C. § 1125(a)(1)(A)

19. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 18b above.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

## COUNT III

## FEDERAL FALSE ADVERTISING

### 15 U.S.C. § 1125(a)(1)(B)

21.  Defendant incorporates its responses to the allegations contained in paragraphs 1 through 20 above.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

## COUNT IV

## CYBERSQUATTING UNDER SECTION 43(D)

## OF THE LANHAM ACT, 15 U.S.C. 1125(D)

23. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 22 above.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

## COUNT V

## STATE UNFAIR COMPETITION

## Fla. Stat. § 501.204

25. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 24 above.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

26a. Defendant denies the allegations contained in paragraph 26a of the Complaint.

## COUNT VI

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER COMMON LAW

27. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 26a above.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

- 5 -

## COUNT VII

## CANCELLATION OF FEDERAL REGISTRATION

29. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 28 above.

30. Defendant denies the allegations contained in paragraph 29 of the Complaint.

31. Defendant denies the allegations contained in paragraph 30 of the Complaint.  In addition, the allegations contained in paragraph 30 of the Complaint state a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the declaratory judgment and relief requested in paragraphs A through H (including all of their subparagraphs) that immediately follow paragraph 30 of the Complaint.

Defendant denies each and every allegation in the Complaint not otherwise admitted herein.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint, Defendant states that:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of unclean hands.

3. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of estoppel.

- 6 -

4.  Subject to reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate, in whole or in part, its damages.

5.  Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

6.  Any actions taken by Defendant were justified.

7.  Any statements made by Defendant were true.

WHEREFORE, Defendant requests that Plaintiff take nothing by the Complaint, that judgment be entered in favor of Defendant, and that Defendant be awarded costs, including without limitation its attorney's fees, and all other proper relief as determined to be just and appropriate by the Court.

## COUNTERCLAIM

For its counterclaim against Plaintiff/Counter-Defendant Battery Web, Inc., Defendant/Counter-Plaintiff Batteries.com, Inc., predecessor in interest to Technuity, Inc., predecessor in interest to Batteries.Com, LLC states that:

## THE PARTIES

1.  Counter-Plaintiff is an Indiana limited liability company with its principal place of business at 6024 West 79th Street, Indianapolis, Indiana 46278.

2.  Upon information and belief, Counter-Defendant is a Florida corporation having its principal place of business at 6495 Sunset Strip, Sunrise, Florida 33313.

## JURISDICTION AND VENUE

3.  The counterclaims herein arise under the following:  Federal Trademark Infringement; Unfair Competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. §§1125(a); False Advertising arising under Section 43(a) of the Lanham Act, 15

- 7 -

U.S.C. §§1125(a)(1)(B); Cybersquatting; Trademark Infringement and Unfair

Competition under common law; and Deceptive and Unfair Trade Practices under Fla.

Stat. Ch. § 501.204.

4.  The Court has subject matter jurisdiction over this action under the provisions of

15 U.S.C. §1121 and 28 U.S.C. §1367.   The Court has personal jurisdiction over the

parties.  Venue is proper in this District under 28 U.S.C. §1391(b).

## FACTS GIVING RISE TO THIS ACTION

5.  Counter-Plaintiff is in the business of selling, *inter alia,* batteries, software,

flashlights, AC adaptors, portable electronic device accessories, recordable media,

uninterruptible power sources and the like (the "Products").

6.  Counter-Plaintiff is the exclusive source of the Products in the United States

distributed under the "Batteries.com" service mark and Internet domain name.  Counter-

Plaintiff first used the "Batteries.com" service mark in connection with retail and

wholesale services of batteries at least as early as September 27, 1999.

7.  Since September 27, 1999, Counter-Plaintiff has invested a substantial amount of

money and effort in promoting sales of the Products under the "Batteries.com" mark in

the United States and internationally, and has sold and continues to sell the Products

under the "Batteries.com" service mark.

8.  On February 6, 2001, Counter-Plaintiff obtained a federal registration for the

"Batteries.com" service mark on the Supplemental Register for retail and wholesale

services of batteries in International Class 35 in the U.S. Patent and Trademark Office,

Registration No. 2,427,670.

- 8 -

9.  On November 2, 1999, Counter-Plaintiff submitted an application for the mark "Batteries.com" in Canada under Application No. 1,034,466 for batteries and for the retail and wholesale sale of batteries through an electronic network.

10. On October 27, 2000, Counter-Plaintiff obtained a registration for the mark "Batteries.com" in Japan under Registration No. 4,428,785 for batteries.

11. Throughout the world, the value of retail sales of the Products sold under the service mark "Batteries.com" is approximately $4,000,000 annually.

12. Counter-Plaintiff has established a reputation for the superior quality of its services provided under the "Batteries.com" service mark in the United States and throughout the world and its "Batteries.com" mark is a distinctive service mark which has established substantial consumer recognition and goodwill indicating Counter-Plaintiff as the exclusive source of these high-quality services.

13. Despite Counter-Plaintiff's prior use of its "Batteries.com" service mark and its prior registration of the mark "Batteries.com" in the U.S. Patent and Trademark Office, on information and belief, Counter-Defendant began using the designation "Bateries.com" as a mark to sell the same and similar products as the Products in the United States after Counter-Plaintiff began using the mark "Batteries.com."

14. Domain names serve as an address for sending and receiving e-mail and for posting information or providing other services.  On the Internet, a domain name serves as the primary identifier of the source of information, products and/or services.

15. It is common practice for companies to form Internet domain names by combining their company names or one of their trademarks as a prefix and their business

category as a suffix. The suffix ".com" (usually pronounced "dot com") identifies that a business is commercial in nature.

16. Cybersquatting is generally the bad faith registration or use of domain names that include, or are entirely composed of, trademarks with the intent to profit thereby.

17. Typosquatting is a form of cybersquatting based on the probability that a good number of Internet users will accidentally misspell a domain name and be led to a different Web site.

18. Upon information and belief, Counter-Defendant has intentionally designed the "Bateries.com" domain name to serve as an automatic "jump" link to Counter-Defendant's Web site and business "Batteryweb.com."

19. Counter-Defendant is using "Bateries.com," a confusing variation of Counter-Plaintiff's service mark "Batteries.com."

20. "Bateries.com" is an obvious misspelling of Counter-Plaintiff's domain name and service mark "Batteries.com."

21. Upon information and belief, Counter-Defendant has registered and is using the domain name "Bateries.com" in bad faith to misdirect potential consumers seeking Counter-Plaintiff's Web site "Batteries.com" to Plaintiff's Web site "Bateries.com."

22. Upon information and belief, Counter-Defendant has purposefully promoted and continues to promote its Web site and business in such a way as to create a false association between Counter-Defendant and Counter-Plaintiff.

23. Upon information and belief, Counter-Defendant undertakes its infringing activities for profit, as a business venture.

24. Counter-Defendant is not now and has never been authorized by Counter-Plaintiff, and is not now and has never been entitled to use Counter-Plaintiff's service mark "Batteries.com" or any variation thereof in connection with any business or service.

25. Counter-Defendant's use of "Bateries.com" as a mark in conjunction with similar services is likely to cause confusion, mistake or deception. In particular, consumers are likely to believe that Counter-Defendant's services are authorized, sponsored or otherwise approved by Counter-Plaintiff when in fact they are not. Such confusion is likely to occur within the State of Florida and within this judicial district.

26. Counter-Plaintiff has been and continues to be injured by Counter-Defendant's unlawful acts within the State of Florida and within this judicial district.

27. Counter-Plaintiff has made demands that Counter-Defendant discontinue and cease the infringement and acts complained of, but Counter-Defendant has ignored Counter-Plaintiff's requests. Upon information and belief, Counter-Defendant has performed the acts complained hereof willfully and with knowledge of the infringement that such acts would cause, and with intent to cause confusion, mistake or deception, and to appropriate and unfairly trade upon Counter-Plaintiff's goodwill in the "Batteries.com" service mark.

28. Counter-Defendant's use of the domain name "Bateries.com" violates Counter-Plaintiff's federal, state and common law rights in its service mark "Batteries.com."

## COUNTERCLAIM I

## FEDERAL TRADEMARK INFRINGEMENT

### 15 U.S.C. § 1114(1)

29. Counter-Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 28 hereof.

30. Counter-Plaintiff asserts that Counter-Defendant is violating Counter-Plaintiff's legal rights and is irreparably injuring and adversely affecting, and will continue to affect Counter-Plaintiff's business and the investment Counter-Plaintiff has made in its mark and goodwill.

31. Counter-Defendant's use of the domain name and service mark, "Bateries.com" violates Counter-Plaintiff's rights in its registered mark "Batteries.com," pursuant to 15 U.S.C. §§ 1114(1).

32. Upon information and belief, Counter-Defendant's aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

33. By reason of the acts of Counter-Defendant alleged herein, Counter-Plaintiff is suffering and will continue to suffer irreparable damage and, unless Counter-Defendant is restrained from continuing its wrongful acts, the damage to Counter-Plaintiff will increase.

34. Counter-Plaintiff has no adequate remedy at law.

## COUNTERCLAIM II

## FALSE DESIGNATION OF ORIGIN AND

## FEDERAL UNFAIR COMPETITION

### 15 U.S.C. § 1125(a)(1)(A)

35. Counter-Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 34 hereof.

36. Counter-Defendant's use of the mark and domain name "Bateries.com" is likely to cause confusion, or to cause mistake, or to deceive purchasers and potential purchasers as to the affiliation, connection of association of Counter-Defendant with Counter-Plaintiff or as to the source or origin of the services rendered and goods sold by Counter-Defendant by reason of the fact that purchasers are likely to believe that Counter-Defendant's goods and services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Counter-Plaintiff.

37. Counter-Defendant's aforementioned acts misrepresent the origin, nature, characteristics or qualities of it's or Counter-Plaintiff's services or commercial activities.

38. Counter-Defendant's aforementioned activities constitute a false designation of origin and false or misleading descriptions or representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A).

39. Counter-Defendant's aforementioned acts have caused Counter-Plaintiff to suffer economic damage, have resulted in unjust enrichment of Counter-Defendant and have caused and, unless enjoyed by this Court, will continue to cause, irreparable injury to Counter-Plaintiff.

- 13 -

40. Upon information and belief, Counter-Defendant's aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

41. By reason of the acts of Counter-Defendant alleged herein, Counter-Plaintiff is suffering and will continue to suffer irreparable damage and, unless Counter-Defendant is restrained from continuing its wrongful acts, the damage to Counter-Plaintiff will increase.

42. Counter-Plaintiff has no adequate remedy at law.

**COUNTERCLAIM III**

**FEDERAL FALSE ADVERTISING**

**15 U.S.C. § 1125(a)(1)(B)**

43.  Counter-Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 42 hereof.

44. Counter-Defendant's use of the mark "Bateries.com" constitutes false and misleading advertising by misrepresenting the nature, characteristics, and/or qualities of Counter-Plaintiff's services, all in violation of Section 43(a)(1)(B) of the Lanham Act, §§ 1125(a)(1)(B).

45. Counter-Defendant's aforementioned acts have caused Counter-Plaintiff to suffer economic damage, have resulted in unjust enrichment of Counter-Defendant and have caused and, unless enjoyed by this Court, will continue to cause, irreparable injury to Counter-Plaintiff.

46. Upon information and belief, Counter-Defendant's aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

- 14 -

47. By reason of the acts of Counter-Defendant alleged herein, Counter-Plaintiff is suffering and will continue to suffer irreparable damage and, unless Counter-Defendant is restrained from continuing its wrongful acts, the damage to Counter-Plaintiff will increase.

48. Counter-Plaintiff has no adequate remedy at law.

## CONTERCLAIM IV

## CYBERSQUATTING UNDER SECTION 43(D)

## OF THE LANHAM ACT, 15 U.S.C. 1125(D)

49. Counter-Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 48 hereof.

50. Counter-Defendant's use of the domain name and mark "Bateries.com" is confusingly similar to Counter-Plaintiff's "Batteries.com" mark, and Counter-Defendant's use of the domain "Bateries.com" constitutes a bad faith attempt to profit from Counter-Plaintiff's mark, and is therefore a violation of Section 43(d) of the Lanham Act, 15 U.S.C. §§ 1125(d).

51. Counter-Defendant's aforementioned acts have caused Counter-Plaintiff to suffer economic damage, have resulted in unjust enrichment of Counter-Defendant and have caused and, unless enjoyed by this Court, will continue to cause, irreparable injury to Counter-Plaintiff.

52. Upon information and belief, Counter-Defendant's aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

53. By reason of the acts of Counter-Defendant alleged herein, Counter-Plaintiff is suffering and will continue to suffer irreparable damage and, unless Counter-Defendant is

- 15 -

restrained from continuing its wrongful acts, the damage to Counter-Plaintiff will increase.

54. Counter-Plaintiff has no adequate remedy at law.

## COUNTERCLAIM V

## STATE UNFAIR COMPETITION

### Fla. Stat. § 501.204

55. Counter-Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 54 hereof.

56. Counter-Defendant's use of the domain and mark "Bateries.com" violates Fla. Stat. Ann. §501.204 insofar as it constitutes an unfair method of competition and unconscionable acts in the conduct of a trade or commerce.

57. Upon information and belief, Counter-Defendant's aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

58. By reason of the acts of Counter-Defendant alleged herein, Counter-Plaintiff is suffering and will continue to suffer irreparable damage and, unless Counter-Defendant is restrained from continuing its wrongful acts, the damage to Counter-Plaintiff will increase.

59. Counter-Plaintiff has no adequate remedy at law.

## COUNTERCLAIM VI

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER COMMON LAW

60. Counter-Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 59 hereof.

- 16 -

61. Counter-Defendant's use of the domain and mark "Bateries.com" constitutes common law trademark infringement, misappropriation of Counter-Plaintiff's goodwill, and unfair competition under the common law of Florida.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-Plaintiff prays that the Court declare and a judgment be entered that:

A.      Counter-Defendant take nothing from its Complaint.

B.      Counter-Defendant's use of the mark and domain name "Bateries.com" violates and infringes on Counter-Plaintiff's Federal, State and Common Law rights.

C.      Counter-Defendant's use of the mark and domain name "Bateries.com" is confusingly similar and conflicts with Counter-Plaintiff's service mark "Batteries.com."

D.      Counter-Plaintiff's Supplemental Registration, No. 2,427,670 for the mark, "Batteries.com" is valid.

E.      Counter-Defendant, its officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all persons acting for, with, by, through or under them, and their Internet service providers with notice of the Court's Order by personal service, electronic mail, or otherwise, and each of them, be temporarily, preliminarily and thereafter permanently enjoined and restrained from:

(1)     Using in any manner the "Batteries.com" service mark, and any other term or terms likely to cause confusion therewith as Counter-Defendant's domain name, directory, or other such computer address, as the name of its Web site business, in buried code words or metatags, on its home page, on computer diskettes or in

connection with the retrieval of data or information or on other goods or services, or in connection with the advertising or promotion of its goods, services or Web site or services, so long as such goods or services do not emanate from or originate with Counter-Plaintiff;

(2)    Using in any manner the "Batteries.com" service mark in connection with Counter-Defendant's goods or services in such a manner that is likely to create an erroneous belief that said goods or services are authorized by, sponsored by, licensed by or are in some way associated with Counter-Plaintiff;

(3)    Disseminating, using or distributing any Web site pages, advertising, or Internet code words or titles, or any other promotional materials whose appearance so resembles Counter-Plaintiff's intellectual property as to create a likelihood of confusion, mistake or deception;

(4)    Otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that Counter-Defendant's goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with Counter-Plaintiff; and

(5)    Unfairly competing with Counter-Plaintiff in the manner complained herein or in any other manner.

F.    Counter-Defendant be required to deliver up to Counter-Plaintiff to be held for destruction at the conclusion of this action any and all computer software, sales materials, press releases, promotional material, advertising material, stationary, plates or other materials bearing the name "Bateries.com."

- 18 -

G.      Counter-Defendant immediately cease using and claiming any ownership in the mark "Bateries.com" on the Internet and that, within 24 hours of entry of an Order of the Court, take whatever steps and acts as may be necessary for the purpose of transferring the domain name "Bateries.com" to Counter-Plaintiff.

H.      That Counter-Defendant be ordered to notify in writing and direct to all publishers of directories or lists, including Internet search engines, in which Counter-Defendant's use of "Bateries.com" appears, to delete all references to the name from their public databases, search engine directories, directory assistance and from all future directories in which said name is to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing such name, and that Counter-Defendant shall notify its customers who have done business or communicated with it, during the period that it has used the domain name "Bateries.com," of its change or that it will not longer do business under that domain name.

I.      That Counter-Defendant shall immediately notify in writing and direct all publications in which any advertisements or other references to Counter-Defendant's business under the above domain name is scheduled to appear to cancel all advertisements and references using the domain name.

J.      Counter-Defendant be directed to file with the Court and serve on Counter-Plaintiff, within thirty (30) days after issuance and service of the injunction, a report in writing under oath setting forth in detail the manner and form in which Counter-Defendant has complied with the injunction, and that Counter-Defendant be further directed to show positive proof that its services no longer use the "Bateries.com"

- 19 -

designation, or any similar designation, alone or in combination with other words or symbols confusingly similar to Counter-Plaintiff's "Batteries.com" service mark.

K.  Counter-Plaintiff be awarded its damages incurred as a result of Counter-Defendant's infringement and unfair competition and other acts complained of herein, together with such additional sums as the Court may assess.

L.  An accounting be ordered for determination of and payment to Counter-Plaintiff of all profits realized by Counter-Defendant by reason of its unlawful acts alleged herein.

M.  Counter-Plaintiff be awarded treble damages based upon Counter-Defendant's willful infringement.

N.  Counter-Defendant be required to post any Order of the Court on its Web site and give notice thereof to all its consumers.

O.  Counter-Plaintiff be awarded it's reasonably attorneys' fees, taxable costs, and disbursements of this action, pursuant to 15 U.S.C. §1117, based on Plaintiff's willful infringement.

P.  Counter-Plaintiff be awarded its attorney's fees against Counter-Defendant, this case being exceptional, pursuant to Fla. Stat. Ann. §501.2105.

Q.  Counter-Plaintiff have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Counter-Defendant is authorized by Counter-Plaintiff or related in any way to Counter-Plaintiff, its products or services.

R.  Counter-Plaintiff requests a jury trial on all issues so triable.

- 20 -

Respectfully submitted,

Garth T. Yearick, FL Bar No. 0096105
CARLTON FIELDS
Esperante
222 Lakeview Avenue, Suite 1400
West Palm Beach, Florida 33401-6149
Telephone: 561-659-7070
Facsimile: 561-659-7368
E-mail:  gyearick@carltonfields.com

and

Michelle Kaiser Bray, IN Bar No. 24024-49
(Motion for Pro Hac Vice Forthcoming)
Stephanie A. Hale, IN Bar No. 23589-49
(Motion for Pro Hac Vice Forthcoming)
SOMMER BARNARD ACKERSON
ATTORNEYS, PC
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Telephone: 317-713-3500
Facsimile: 317-713-3699
Email:  MBray@sbalawyers.com
Email:  shale@sbalawyers.com

Counsel for Defendant/Counter-Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2004, a true and correct copy of the

foregoing was deposited in the U.S. mail, postage prepaid, addressed to the following:

Barry L. Haley
MALIN, HALEY & DiMAGAGGIO, P.A.
Attorneys for Plaintiff
1936 South Andrews Avenue
Fort Lauderdale, Florida 33316

Garth T. Yearick

- 21 -