.IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60467-CIV-COOKE



BATTERY WEB, INC., )
a Florida corporation, )
)
    Plaintiff, )
)
v. )
)
BATTERIES.COM, INC. )
an Indiana corporation, )
)
    Defendant. )
_____ )

## PLAINTIFF/COUNTER DEFENDANT'S REPLY TO DEFENDANT/COUNTER PLAINTIFF'S COUNTERCLAIMS

Plaintiff/Counter Defendant, BATTERY WEB, INC. by and through its undersigned counsel replies to the counterclaims of Defendant/Counter Plaintiff, BATTERIES.COM, INC., as follows:

### THE PARTIES

1. Plaintiff/Counter Defendant is without sufficient information as to form a belief therein and therefore denies each and every allegation of paragraph 1.

2. Plaintiff/Counter Defendant admits the allegations contained in paragraph 2.

### JURISDICTION AND VENUE

3. As to paragraph 3, Plaintiff/Counter Defendant admits that Defendant/Counter Plaintiff is alleging claims under Federal Trademark Infringement and Unfair Competition, False Advertising, and Cybersquatting, all arising under Section 43 of the Lanham Act 15 U.S.C. §1125; Trademark Infringement and Unfair Competition under



common law; and Deceptive and Unfair Trade Practices under Fla. Stat. Ch. § 501.204; however Plaintiff/Counter Defendant denies that any valid claims exist under any of these laws.

    4. Plaintiff/Counter Defendant admits the allegations contained in paragraph 4.

## FACTS GIVING RISE TO THIS ACTION

    5. Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 5 and therefore denies each and every allegation.

    6.    Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 6 and therefore denies each and every allegation.

    7.    Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 7 and therefore denies each and every allegation.

    8.    Plaintiff/Counter Defendant admits the allegations contained in paragraph 8, but Plaintiff/Counter Defendant asserts said registration is invalid.

    9.    Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 9 and therefore denies each and every allegation.

    10.    Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 10 and therefore denies each and every allegation.

11. Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 11 and therefore denies each and every allegation.

12. Plaintiff/Counter Defendant denies the allegations contained in paragraph 12.

13. Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 13 and therefore denies each and every allegation.

14. Plaintiff/Counter Defendant admits that domain names serve as an address for sending and receiving e-mail, but denies the remaining allegations contained in paragraph 14.

15. Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 15 and therefore denies each and every allegation.

16. Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 16 and therefore denies each and every allegation.

17. Plaintiff/Counter Defendant is without sufficient knowledge to form a belief as to the allegations contained in paragraph 17 and therefore denies each and every allegation.

18. Plaintiff/Counter Defendant denies the allegations contained in paragraph 18.

19. Plaintiff/Counter Defendant denies the allegations contained in paragraph 19.

20. Plaintiff/Counter Defendant denies the allegations contained in paragraph 20.

21. Plaintiff/Counter Defendant denies the allegations contained in paragraph 21.

22. Plaintiff/Counter Defendant denies the allegations contained in paragraph 22.

23. Plaintiff/Counter Defendant denies the allegations contained in paragraph 23.

24. Plaintiff/Counter Defendant denies the allegations contained in paragraph 24.

25. Plaintiff/Counter Defendant denies the allegations contained in paragraph 25.

26. Plaintiff/Counter Defendant denies the allegations contained in paragraph 26.

27. Plaintiff/Counter Defendant admits Defendant/Counter Plaintiff sent a cease and desist letter, but denies the remaining allegations contained in paragraph 27.

28. Plaintiff/Counter Defendant denies the allegations contained in paragraph 28.

## COUNTER PLAINTIFF'S COUNTERCLAIM I
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. SECTION 1114(1)

29. Plaintiff/Counter Defendant repeats and realleges every reply set forth in paragraphs 1 through 28 hereof.

30. Plaintiff/Counter Defendant denies the allegations contained in paragraph 30.

31. Plaintiff/Counter Defendant denies the allegations contained in paragraph 31.

32. Plaintiff/Counter Defendant denies the allegations contained in paragraph 32.

33. Plaintiff/Counter Defendant denies the allegations contained in paragraph 33.

34. Plaintiff/Counter Defendant denies the allegations contained in paragraph 34.

## COUNTER PLAINITFF'S COUNTERCLAIM II
## FALSE DESIGNATION OF ORIGIN
## AND FEDERAL UNFAIR COMPETITION
## 15 U.S.C. SECTION 1125 (a)(1)(A)

35. Plaintiff/Counter Defendant repeats and re-alleges every reply set forth in paragraphs 1 through 34 hereof.

36. Plaintiff/Counter Defendant denies the allegations contained in paragraph 36.

37. Plaintiff/Counter Defendant denies the allegations contained in paragraph 37.

38. Plaintiff/Counter Defendant denies the allegations contained in paragraph 38.

5

39. Plaintiff/Counter Defendant denies the allegations contained in paragraph 39.

40. Plaintiff/Counter Defendant denies the allegations contained in paragraph 40.

41. Plaintiff/Counter Defendant denies the allegations contained in paragraph 41.

42. Plaintiff/Counter Defendant denies the allegations contained in paragraph 42.

### COUNTER PLAINTIFF'S COUNTERCLAIM III
### FEDERAL FALSE ADVERTISING
### 15 U.S.C. SECTION 1125 (a)(1)(B)

43. Plaintiff/Counter Defendant repeats and re-alleges every reply set forth paragraphs 1 through 42 hereof.

44. Plaintiff/Counter Defendant denies the allegations contained in paragraph 44.

45. Plaintiff/Counter Defendant denies the allegations contained in paragraph 45.

46. Plaintiff/Counter Defendant denies the allegations contained in paragraph 46.

47. Plaintiff/Counter Defendant denies the allegations contained in paragraph 47.

48. Plaintiff/Counter Defendant denies the allegations contained in paragraph 48.

### PLAINTIFF/COUNTER DEFENDANT'S COUNTER CLAIM IV
### CYBER SQUATING UNDER SECTION 43 D
### OF THE LANHAM ACT, 15 U.S.C. §1125 (D)

49. Plaintiff/Counter Defendant repeats and re-alleges every reply set forth in paragraphs 1 through 48 hereof.

50. Plaintiff/Counter Defendant denies the allegations contained in paragraph 50.

51. Plaintiff/Counter Defendant denies the allegations contained in paragraph 51.

52. Plaintiff/Counter Defendant denies the allegations contained in paragraph 52.

53. Plaintiff/Counter Defendant denies the allegations contained in paragraph 53.

54. Plaintiff/Counter Defendant denies the allegations contained in paragraph 54.

### COUNTER PLAINTIFF'S COUNTERCLAIM V
### UNFAIR COMPETITION FLORIDA STATUE
### SECTION 501.204

55. Plaintiff/Counter Defendant repeats and re-alleges every reply set forth paragraphs 1 through 54 hereof.

56. Plaintiff/Counter Defendant denies the allegations contained in paragraph 56.

57. Plaintiff/Counter Defendant denies the allegations contained in paragraph 57.

58. Plaintiff/Counter Defendant denies the allegations contained in paragraph 58.

59. Plaintiff/Counter Defendant denies the allegations contained in paragraph 59.

### COUNTER PLAINTIFF'S COUNTERCLAIM VI
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER COMMON LAW

60. Plaintiff/Counter Defendant repeats and re-alleges every reply set forth in paragraphs 1 through 59 hereof.

61. Plaintiff/Counter Defendant denies the allegations contained in paragraph 61.

### PLAINTIFF/COUNTER DEFENDANT'S AFFIRMATIVE DEFENSES

1. Defendant/Counter Plaintiff's Counterclaims I to VI, fail to state a claim upon which relief can be granted and should be dismissed on the grounds that the Counterclaim failed to state a cause of action.

2. Defendant/Counter Plaintiff's counterclaims seeking exclusive rights to the term "Batteries.com" should be denied on the grounds that the term is generic as applied to the retail and wholesale services of selling batteries on-line and is not validly owned exclusively by the Defendant/Counter Plaintiff, but rather is a generic term which may be used by anyone in the business of selling batteries on-line. The Defendant/ Counter Plaintiff's Supplemental Registration does not entitle Defendant/Counter Plaintiff to any statutory presumption that the term "Batteries.com" is a trademark and not generic.

3. Defendant/Counter Plaintiff is estopped from asserting any exclusive rights in the term "Batteries.com" and consequently the term may be used by anyone for the sale of batteries on-line. The Defendant/Counter Plaintiff filed a trademark application for the same trademark, BATTERIES.COM for batteries on July 21, 1999, Application Serial No. 75/756,865, and was denied both federal principal and supplemental registrations by the Trademark Examining Attorney on the grounds that this mark was held to be a generic mark when used in connection with batteries.

4. Defendant/Counter Plaintiff cannot rely on, or utilize any presumption deriving from its registration of BATTERIES.COM on the Supplemental Register of the United States Patent and Trademark Office, Registration No. 2, 427, 670, insofar as Defendant/Counter Plaintiff knew at the time of the filing of the application that the mark BATTERIES.COM for selling batteries was generic and widely used in that industry. And, therefore, the aforesaid assertion is with knowledge insofar as, on information and belief, Defendant/Counter Plaintiff knew or should have known that Defendant/Counter Plaintiff could not claim exclusive rights in the use of the term "BATTERIES.COM" for batteries, and made the aforesaid assertions with the sole intent of procuring registration thereby.

5. Defendant/Counter Plaintiff is barred in whole by reason of unclean hands based on the knowledge that Defendant/Counter Plaintiff's U.S. trademark application No. 751, 756,865 for BATTERIES.COM was rejected and held generic for batteries while Defendant/Counter Plaintiff proceeded with sending a cease and desist letter anyway to Plaintiff.

6. Defendant/Counter Plaintiff obtained the BATTERIES.COM registration through inequitable conduct and used the registration to attempt to enforce a generic term against the Plaintiff/ Counter Defendant and others in an attempt to unlawfully monopolize the term "BATTERIES" with the generic suffix ".COM" in connection with the sale of batteries.

7. Plaintiff/Counter Defendant has not intentionally infringed any valid trademark owned by Defendant/Counter Plaintiff, in that the Defendant/Counter Plaintiff has no protectable trademark rights in the generic term "Batteries.com" for the sale of batteries on-line, and therefore, the Plaintiff/Counter Defendant is legally and validly entitled to use the designation "Batteries.com" in connection with the sale of batteries on-line. The term "Batteries.com" is functional as a URL address and can not identify a source of goods or services.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff/Counter Defendant prays that the court declare and enters a judgment that;

    a. Defendant /Counter Plaintiff's claims be denied;

    b. Defendant /Counter Plaintiff's Federal Supplemental Registration No. 2,427,607 be declared invalid;

    c. Defendant/Counter Plaintiff's request for injunctive relief be denied; and

    d. Defendant/Counter Plaintiff pay all attorney fees.

**FURTHERMORE,** Plaintiff/Counter Defendant respectfully requests that the Court enter a declaratory judgment in its favor against the Defendant/Counter Plaintiff; and award the Plaintiff/Counter Defendant its damages, costs and reasonable attorneys' fees pursuant to Fla. Stat. Ann. §501.2105, and all other such relief as the court deems just and proper.

Respectfully submitted,

Barry L. Haley, Esq.
MALIN, HALEY & DiMAGGIO, P.A.
Attorneys for Plaintiff/Counter-Defendant
1936 South Andrews Avenue
Fort Lauderdale, FL 33316
Tel: (954) 763-3303
Fax: (954) 522-6507

Date: 6/29/04    By: _____
Barry L. Haley
Florida Bar No.: 123,351
Joseph R. Englander
Florida Bar No.: 935,565

## CERTIFICATE OF SERVICE

I, Barry L. Haley, hereby certify that the above has been furnished via U.S. Mail, postage pre-paid to counsel for Defendant, Garth T. Yearick, Esq. at Carlton Fields, P.A., 222 Lakeview Avenue, Suite 1400, West Palm Beach, Florida 33402-0150 and Michelle Kaiser Bray, Esq. at Sommer Barnard Ackerson, PC, One Indiana Square, Suite 3500, Indianapolis, Indiana 46204, this 29th day of June, 2004.

_____
Barry L. Haley, Esq.
Florida Bar No.: 123,351

I: 10879/PLD/3902.reply.to.counterclaim